United States District Court for the  DISTRICT OF COLUMBIA

District of _____

File Number _____

| | |
|---|---|
| STANLEY A. SLUPKOWSKI )<br>v. )<br>U.S. ATTORNEY GENERAL )<br>JUDGE ADVOCATE GENERAL OF )<br>DEPARTMENT OF U.S. NAVY )<br>REGIONAL COUNSEL VETERANS )<br>AFFAIRS FOR DISTRICT OF )<br>COLUMBIA AREA ) | Notice of Appeal<br><br>Case: 1:08-mc-00506<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 7/22/2008<br>Description: Miscellaneous |

Notice is hereby given that  STANLEY A. SLUPKOWSKI  (plaintiffs) (defendants) in the above named case,* hereby appeal to the United States Court of Appeals for the FEDERAL Circuit (from the final judgment) (from the order (describing it)) entered in this action on the 27 day of May, 20 08.

1. Petition/Appellant is not a prisoner within the meaning to the prisoner litigation reform act (PLRA) and is taken this appeal PRO SE: by yielding to the courts power to grant this appeal informa pauperis (IFP) to proceed in:

2. Petitioner/appellant wants, the order reviewed with the case pursunt First and Fifth Amendments Right to Petition Respondents, also pursuant to 28:1403 U.S. Attorney General Intervention for proceedings between U.S. Aattorney General Department of the Navy, Veterans Affairs (MINUS BUREAU OF PRISONS AND PUBLIC HEALTH SERVICES).

16 JULY 2008

/STANLEY A. SLUPKOWSKI PRO SE:

CERTIFICATE OF SERVICE

DISTRICT CLERK
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
333 COSNTITUTION AVENUE N.W.
WASHINGTON D.C. 20001-2802

16 JULY 2008

CERTIFIED MAIL 7004 1160 0007 4966 4832
RETURN RECEIPT REQUESTED

/STANLEY A. SLUPKOWSKI PRO SE:
FMC 19289-083 BLDG 1-2
FEDERAL MEDICAL CENTER
P.O. BOX 4000
ROCHESTER MN., 55903-4000

CO 217B2
Rev. 3/06
FPI-SST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_Stanley A. Slupkowski_
Plaintiff(s)

vs.   Civil Action No. _____

_Judge Advocate General US Navy_
Defendant(s)

Dear: _Mr. Slupkowski_ :

In the above entitled case, please be advised that on _7/15/08_ Judge _Kollar-Kotelly_ endorsed thereon as follows:

**"Leave to file is DENIED."**

As a result of the Judge's ruling, your document has not been filed with our Court and a copy is being returned to you at this time. Thank you.

NANCY MAYER-WHITTINGTON, CLERK

By: _Ka Janau Scott_
Deputy Clerk

STANLEY A. SLUPKOWSKI PRO SE:
_____
*Petitioner*
JUDGE ADVOCATE GENERAL US NAVY
GENERAL COUSNEL VETERANS AFFAIRS
GENERAL COUNSEL HEALTH AND HUMAN SERVICES
_____
*Respondent(s)*

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

CIVIL COMPLAINT PURSUANT TO 10:1552

I, STANLEY A. SLUPKOWSKI FMC19289083 , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

LEAVE TO FILE DENIED
Judge CK olla- Kotelly
7/15/08

1. Are you presently employed? ☒ Yes   ☐ No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. VOLREHABSHOP FMC ROCHESTER MN., 12.00 Monthly.

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, within the past twelve months, any money from any of the following sources?

    a. Business, profession or form of self-employment?   ☐ Yes ☒ No
    b. Rent payments, interest or dividends?   ☐ Yes ☒ No
    c. Pensions, annuities or life insurance payments?   ☐ Yes ☒ No
    d. Gifts or inheritances?   ☐ Yes ☒ No
    e. Any other sources? VETERANS AFFAIRS SERVICE CONNECTED DISABILITY   ☒ Yes ☐ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: 512.00 PER MONTH

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)* ☒ Yes ☐ No

    If the answer is yes, state the total value of the items owned: 30,000

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

    If the answer is yes, describe the property and state its approximate value:

RECEIVED
JUN 30 2008
Clerk, U.S. District and
Bankruptcy Courts

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on  26 JUNE 2008  
              Date

*/s/ Stanley A. Slupkowski*  
STANLEY A. SLUPKOWSKI PRO SE:  
Signature of Petitioner

1. The petitioner is civilly commited under 18:4241/4246 and is not in punitive incarceration, only convicted and sentenced have to meet the requirement of the three strike rule of the Prison Litigation Reform Act (PLRA). Civilly commited are not under the (PLRA), nor does meet the requirements of paying filing fees even for 42:1983, 42:1983 are not only used by prisoners but by others for other reason besides prisoners. Pursuant to 28:1915N14 "WHO IS PRISONER" Petitioner who was civilly committed under California's Sexually Violent Predators Act was not "PRISONER" subject to Prison Litigation Reform Act's financial reporting and exhaustion requirements. Page V Torrey (2000 CA9 Cal) 201 F3D 1136 2000cdos 355, 2000 DAILY JOURNAL DAR 489.
Inmate at mental institution, who was being held pursuant to finding that he was not guilty by reason of insanity, was not prisoner within meaning of Prison Litigation Reform Act, subjecting him to inmate-accounting procedures or three strikes rule; rather he was mental patient. KOLOCOTRONIS V MORGAN (2001, CA8 Mo) 247 Fed 726, 49 FR Serv 3D 3.
Agreeing with other circuits, court found Prison Litigation Reform Act's (PLRA) straightforward definition of 'prisoner' to apply only to persons incarcerated as punishment for criminal conviction; civil detainee simply does not fall under 28:1915's definition of "prisoner" by which statute means persons incarcerated for violations of criminal law or terms and conditions of parole, probation, pretiral release, or diversionary program and civil detention is by definition non-punitive. Troville v venz (2002, CA11 Fla) 303 F3D 1256 15 FLW Fed C 950.
Fee requirements of Prison Litigation Reform Act donot apply to resident alien's petition for review of deportation order because incarcerated alien facing deportation is not "prisoner" for purposes of (PLRA). LA FONTANT V INS (1998, App DC) 328 US App DC 359 135 F3D 158.

2. The petitioner is civilly commited under 18:4241/4246 and pursuant to: 28:1915N33 Merits of cause of action, Merit or lack of merit is not test for determining whether petitioner should be allowed to proceed in forma pauperis; when a federal district court receives application for leave to proceed in forma pauperis, it should examine papers and determine if requirements of 28:1915 are satisfied, andif they are, leave should be granted. REAGAN V COX (1962, CA10 KAN) 305 F2D 58.
If pro se pleading appears to have some merit, court would grant leave to proceed in forma pauperis; if warranted, it would dismiss at later point in light of subsequent proceedings. YATES V WELLMAN (1974 ED KY 373 F Supp 437

26 JUNE 2008    */s/ Stanley A. Slupkowski*  
                                 STANLEY A. SLUPKOWSKI PRO SE:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE N.W.
WASHINGTON D.C. 20001-2802

| | |
|---|---|
| STANLEY A. SLUPKOWSKI ) | CASE NO. _____ |
| ) | |
| PETITIONER, ) | CIVIL COMPLAINT PURSUANT TO 28:1331 |
| ) | (FEDERAL QUESTION) |
| V ) | |
| ) | CIVIL COMPLAINT PURSUANT TO 10:1552 |
| JUDGE ADVOCATE GENERAL ) | CORRECTION OF MILITARY RECORDS; CLAIMS |
| DEPARTMENT OF THE UNITED STATES ) | INCIDENT THERETO |
| NAVY, WASHINGTON D.C. ) | |
| ) | CIVIL COMPLAINT PURSUANT TO 10:1553 |
| GENERAL COUNSEL ) | REVIEW OF DISCHARGE OR DISMISSAL |
| DEPARTMENT OF HEALTH AND HUMAN ) | |
| SERVICES WASHINGTON D.C. ) | CIVIL COMPLAINT PURSUANT TO 10:1554 |
| ) | REVIEW OF RETIREMENT OR SEPARATION |
| GENERAL COUNSEL ) | WITHOUT PAY FOR PHYSICAL DISABILITY |
| DEPARTMENT OF VETERANS AFFAIRS ) | |
| WASHINGTON D.C. ) | CIVIL COMPLAINT PURSUANT TO 38:CHAPTER |
| ) | 59, ACCEPTENCE OF ACCREDITED REPRESENT- |
| ) | IVES, VIOLATION OF FIRST AND FIFTH |
| ) | AMENDMENTS OF THE U.S. CONSTITUTION. |
| ) | |
| SECRETARY OF THE NAVY HEARING ) | CIVIL COMPLAINT PURSUANT TO 10:6160 |
| COMMITTEE 5 ECHO E DISABILITY ) | PENSION FOR SERVICES OVER TEN YEARS |
| REVIEW, THIS PETITION SUPPORTS ) | ACTIVE DUTY DEPARTMENT OF THE NAVY |
| THE HEARING AND THE HEARING IS ) | |
| CURRENTLY IN CUSTODY OF THE U.S.) | BENEFITS FOR SERVICES IN ALLIED ARMED |
| SUPREME COURT FOR REMANDING TO ) | FORCES, PURSUANT TO 38:109 |
| DISTRICT OF COLUMBIA DISTRICT ) | |
| COURT FOR HEARING. ) | CIVIL COMPLAINT FOR SERVICE CONNECTED |
| ) | DISABILITIES PURSUANT TO 38:CHAPTER |
| ) | 11 SECTIONS 1101 THRU 1163 |

PETITION TO TRANSFER DEPARTMENT OF THE NAVY, AND MARINE CORPS RECORDS,
VETERANS AFFAIRS, HEALTH AND HUMAN SERVICES, (SOCIAL SECURITY), RECORDS TO
DISTRICT OF COLUMBIA DISTRICT COURT FOR PERMANENT CUSTODY SO LEGAL
PROCEEDINGS CAN BE HELD IN THE STATES OF CA., IL., VA.,
SINCE THERE IS NO LEGAL PROCEEDING WHICH CAN BE HELD IN CA., IL., OR VA.,
THAT REQUIRE ANY FORM OF RECORDS OF THE PETITIONER TO HOLD A PROCEEDING

**SINCE 2 JANUARY 1961**

I    JURISDICTION



A.    Petitioner's Mailing Address Is:

STANLEY A. SLUPKOWSKI FMC 19289-083 BLDG 1-2,
FEDERAL MEDICAL CENTER
P.O. BOX 4000
ROCHESTER MN., 55903-4000

B.    Respondent's Mailing Address is:

JUDGE ADVOCATE GENERAL
DEPARTMENT OF THE UNITED STATES NAVY
1322 PATTERSON AVENUE S.E. SUITE 3000
WASHINGTON D.C. 20374-5066

C. Respondent's Mailing Address Is:

GENERAL COUNSEL
DEPARTMENT OF VETERANS AFFAIRS
810 VERMONT AVENUE N.W.
WASHINGTON D.C. 20420

D. Respondent's Mailing Address Is:

GENERAL COUNSEL
DEPARTMENT OF HEALTH AND HUMAN SERVICES (SOCIAL SECURITY)
200 INDEPENDENCE AVENUE S.W.
WASHINGTON D.C. 20201

This complaint started 2 July 1962, when the Petitioner was Diagnosed with Addison Disease with Diabetes(M) and Tuberculosis while a physical for Flight Training as a Helicopter for the U.S. ARMY Junior Reserve Officer Training Corps (11th U.S. ARMY CORPS), the Petitioner, was treated at the Veteans Affairs Medical Center (LAKESIDE) Chicago IL., and allowed to enlist in the U.S. Marine Corps on 23 August 1963, because the Petitioner was prior Military Service, in the French Foreign Legion in WWII and First Indo China War.  The Petitioner served over 14 Years in the U. S. MARINE CORPS from 1963 thru 1977, awarded service connected disability again on 4 May 1977, with notice of discharge from the U.S. MARINE CORPS first payment was 2 January 1978, award issued at Regional Director Veterans Affairs Washington D.C.,.  On 4 May 1977, the Petitioner filed a DD-149 for Disability Review Hearing, on 15 Febuary 1978 Esquire Thompson of Mannassas VA., refiled, the request for hearing. There is to be a prime hearing Pursuant to: statutes listed in caption page, and a hearing every six years, with a annual hearing with Veterans Affairs and Social Security.  Nothing has taken place in over 31 years.  The Petitioner cannot get the Respondent(s) to transfer their records of custody for consolidation since 2 January 1961, and to transfer records for hearing to District of Columbia District Court for permanent custody through out all proceedings in CA., IL., VA., and for treatment to be provided in Washington D.C..

II   EXHAUSTION OF ADMINISTRATIVE REMEDIES

There are no remedies outside of the Hearing, when the the DD-149 request for hearing all remedies were resolved prior to the hearing, and the hearing is the last remedies for the CORRECTIONS OF MILITARY RECORDS AND INJUSTICES.

III   CLAIMS

### CLAIM I

The following civil rights has been violated:

The Petitioner request all records of the Department of the Navy and Marine Corps, to include Case Files, Service Record Book, Medical and Dental Records United States Marine Corps, be transfered to the District Court, District of Columbia for permanent custody and hearing with the Offices of the Respondents.  Naval Civil Service Case File, Medical Records and Civil Service Records, all transfered to the District of Columbia, District Court for Hearing and permanent custody.  No records of any sort in the States of CA., IL., or VA., for any hearing or legal proceeding.  The Petitioner has been trying to get all records to the District of Columbia since 4 May 1977, 31 years, for hearing.
Supporting Facts:  JUDGE ADVOCATE GENERAL DEPARTMENT OF THE NAVY

The Petitioner has filed with prior Military and Civil Service Commands where he served to transfer records, all without response or transfer of records.  File with District Courts in CA., IL., VA., NC., GA., Washington D.C. all without results or no responses.

### CLAIM II

The following civil rights has been violated:

The Petitioner request all records of the Department of Veterans Affairs, to include Case Files, Medical and Dental Records of the Petitioner under custody of Veterans Affairs facilities in IL., VA., GA., CA., and Washington D.C., be transfered to the District Court, District of Columbia for permanent custody and hearing with the Offices of the Respondent(s).

Supporting Facts:  GENERAL COUNSEL DEPARTMENT OF VETERANS AFFAIRS
The Petitioner has filed with prior Veterans Affairs Facilities where he served to transfer records, all without response or transfer of

records. File with District Courts in CA., IL., VA., NC., GA., Washington D.C. all without results or no responses.

CLAIM III

The following civil rights has been violated:

The Petitioner request all records of the Health and Human Services (Social Security), to include Case Files, Medical Records, and Dental Records, Social Security, State Agencies, in CA., IL., VA., GA., be transfered to the District of Columbia District Court for permanent custody and hearing, they have been counseled since 2 January 1961, there is no known Court of Legal Proceeding that could ever be held in the States of CA., IL or VA., that could use any form of records of Petitioner in **(47) YEARS**. The proceedings in CA., are from 1 September 1939 thru 4 April 1984, everything after this date is being held outside of **CALIFORNIA**. Nothing, is being sent or processed in CA., after 2 Jan 61.

Supporting Facts:

The Petitioner has filed with prior Health and Human Services (Social Security) (State Agencies) in CA., IL., VA., GA., and Washington D.C. to transfer records, all without response or transfer of records. They have been counseled since 4 May 1977, that after all records are in custody of the District of Columbia District Court for permanent custody and hearing the Respondent(s), will sign the **DOCUMENT FOR HEARING IN CA., DISTRICT COURT LOS ANGELES CA.,**

IV. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1. For the Judge Advocate General Department of the Navy and Marine Corps to do a Systems Search of all Military and Civil Services Commands that the Petitioner Served at and have all Records to include case files, medical and dental records of STANLEY ANTHONY SLUPKOWSKI 2051859 USMC 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 and 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 be transfered to District of Columbia District Court for permanent custody and hearing through out ths States of CA., IL., VA., custody of records is from 2 January 1961 District of Columbia. The Petitioner served USMC 23 Aug 1963 thru 30 Dec 1977, Naval Civil Service 30 Dec 1977 thru 9 Sep 1980.

2. For the General Counsel Department of Veterans Affairs to a Systems Search of all Veterans Affairs Facilities which the Petitioner was at in CA., IL., VA., GA., and Washington D.C. and transfer all records to include CASE FILE, MEDICAL AND DENTAL RECORDS, to the District of Columbia District Court for Permanent custody and hearing through out the States of CA., IL., VA., custody of records is from 2 January 1961 District of Columbia. The Petitioner is STANLEY ANTHONY SLUPKOWSKI SSAN 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 and 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, VAC 29-750-637 2051859 USMC. The Petitioner was never treated at SOUTH DAMEN ALSO KNOWN AS EAST SIDE Veterans Affairs Medical Center Chicago IL.,. The Foster father of the Petitioner had the same name as the Petitioner the Petitioner was treated at Veterans Affairs Medical Center now Health Care Center (LAKE-SIDE) Chicago IL 333 N Huron Street 60610. The Petitioner foster father was treated at SOUTH DAMEN OR EASTSIDE Medical Center, Veterans Affairs.

3. For the General Counsel Department of Health and Human Services (Social Security), to do a System Search of State of CA., (Social Security Riverside), (State Disability Insurance San Bernardino) (Workmens Compensation San Bernardino), (Riverside General) (Loma Linda Medical University), System Search of State of IL., Saint Mary's of Nazareth (DIVISION STREET) Chicago IL., (Saint Anns (THOMAS STREET) Chicago IL., Illinois Department of Public Aid and Social Security Waukegan IL., Illinois Department of Public Aid 412 N. Milwaukee Avenue and Social Security 2100 N California Avenue and Social Security 1100 Division Street Chicago IL., Social Security Atlanta Georgia, Social Security Washington D.C. Potomac General Woodbridge VA.,

4. For the Respondents to turn over all records to the District Court of Columbia and appear and sign the DOCUMENT FOR HEARING IN CA.,.

5. The Petitioner, receives all medical treatment in Washington D.C. all evaluations, all hearings pertaining to the Petitioners life, and retires in Washington D.C. only holds legal proceedings in CA., IL., and VA., never moves to CA., IL., or VA., lives in Washington D.C. unless relocates retirement to USVA SAINT CROIX.

6. For the Court to ORDER, the General Counsel Department of Health and Human Services to Place in Writing the 100% UNCOOPERATIVENESS ORDER issued 28 Feburay 1984, is resended worldwide, and all government agencies

are to start cooperation with the Petitioner fully and openly, without and objection.  The 100% UNCOOPERATIVENESS ORDER was issued 28 Feburary 1984, by MS HOUSKA Social Security Office Riverside CA., on 29 Feburary 1984, the Petitioner petitioned the Workmens Compensation San Bernardino CA., and other Department of Health and Human Services Courts in CA., IL., VA., NC., GA., and Washington D.C. for Social Security to resend the Government 100% UNCOOPERATIVENESS ORDER, the agency refused to resend the 100% UNCOOPERATIVENESS ORDER in effect in excess of **(25) YEARS**, and has failed to appear in any court since 28 Feburary 1984 thru present to resend the **100% UNCOOPERATIVENESS ORDER**.  The Social Security Case Worker for FMC Rochester MN., stated there is no UNCOOPERTIVENESS ORDER in effect.  No body has started cooperation with the Petitioner in **(25) YEARS.**

7.  The Bureau of Prisons and Public Health Services has never been involved in any proceeding of the Department of the Navy, the Proceeding in CA., IL., VA., is Department of the Navy.  Bureau of Prisons and Public Health Services has never been involved in any proceedings in CA., IL., VA., only in NC., and Washington D.C..

8.  There is no Presidental hearing in CA., IL., VA., the hearing with Vice President NIXON was 2 January 1961, and President REAGAN 17 November 1983, both concerning the Department of the Navy, No Veterans Affairs, No Social Security, No State of CA., the MAST was in District Court house Los Angeles CA., and nowhere else and with no one else.  There may be a proceeding with Presidental party in Congress with the Petitioner and no where else.

9.  There maybe a Presidental party hearing for termination of civilly commited under authority of United States Attorney General transfering custody to Secretary of Health and Human Serwices in District Court Raleigh NC., with staff and officer of the Federal Correction Complex Butner NC., and no where else execpt the Supreme Court where the case now sits awaiting to be remanded to District of NC for hearing.  This proceeding does not involve the Department of the Navy, Veterans Affairs Social Security, and other agencies have to provide information to the proceeding including State intrest for the Governor party attending the proceeding.

26 JUNE 2008                              STANLEY A. SLUPKOWSKI PRO SE:

CERTIFICATE OF SERVICE

| | |
|---|---|
| DISTRICT CLERK<br>U.S. DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br>333 CONSTITUTION AVENUE N.W.<br>WASHINGTON D.C. 20001-2802 | CERTIFIED MAIL 7004 1160 0007 4966 4313<br>RETURN RECEIPT REQUESTED |
| DISTRICT CLERK<br>U.S. DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF NC<br>WESTERN DIVISION 310 NEW BERN AVENUE<br>P.O. BOX 25670 RALEIGH NC., 27611 | FIRST CLASS MAIL WITH RETURN FILE COPY<br>SELF STAMPED ADDRESS ENVELOPE |

26 JUNE 2008

*(signature)*
STANLEY A. SLUPKOWSKI PRO SE:
FMC 19289-083 BLDG 1-2
FEDERAL MEDICAL CENTER
P.O. BOX 4000
ROCHESTER MN., 55903-4000